UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MONICA S.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

2:20-cv-00986-JR

OPINION AND ORDER

Russo, Magistrate Judge:

Plaintiff brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Benefits under the Social Security Act ("Act"). For the reasons stated below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 - OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff asserts disability beginning October 31, 2015. Tr. 15. The claim was initially denied on November 11, 2016, and upon reconsideration on April 11, 2017. Tr. 82, 88. A hearing was held on April 2, 2019 before an Administrative Law Judge (ALJ). Tr. 29. On May 6, 2019 the ALJ found plaintiff not disabled from the alleged onset date through the date of decision. Tr. 23. The Appeals Council denied plaintiff's request for review. Tr. 1. Plaintiff raises the following issue before this Court: the ALJ erred by rejecting the opinion of an independent medical examiner. Plaintiff requests this Court reverse and remand for payment of benefits.

## FACTUAL BACKGROUND

Plaintiff was born on July 12, 1975. Tr. 55. Plaintiff was 40 years old on the alleged date of disability, and 41 years old at the time of the ALJ hearing. She graduated from high school and received a certificate of completion from vocational school, regarding the position of medical office secretary. Tr. 33. She last worked for Wells Fargo Bank as a mediation specialist, until October 27, 2015. Tr. 34. Plaintiff alleges disability due to status-post carpal tunnel syndrome and release surgeries; multiple trigger fingers, status-post surgical intervention; chronic back pain; recent hysterectomy (February 2019); and history of depression and anxiety. Tr. 35-37.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations

omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986) (citations omitted). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The initial burden of proof rests upon plaintiff to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she

cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish the claimant can perform other work existing in significant numbers in the national or local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15.

At step two, the ALJ found that plaintiff had severe impairments including status-post carpal tunnel syndrome and release surgeries; multiple trigger fingers, status-post surgical intervention; chronic back pain; recent history of hysterectomy (February 2019); and history of depression and anxiety. Tr. 35-37.

At step three, the ALJ found that none of plaintiff's impairments, either singly or in combination, met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix 1. Tr. 16. The ALJ next determined that plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a)pa[2] with additional implications:

> [She] requires sit-stand option, defined as change from a sitting position to a standing position, or vice versa, every 30 minutes for up to five minutes if necessary/at her discretion while remaining at the work station; and she cannot kneel, crawl, or climb ladders, ropes, or scaffolds, and can only occasionally (1/3 of the workday) stoop, crouch, reach or lift overhead, and climb ramps and stairs, and only frequently (2/3 of the workday) finger and handle objects bilaterally. She must avoid all exposure to moving or dangerous machinery/equipment (including commercial driving/use of motor vehicle) and unprotected heights, and she requires a low stress work environment defined as no production pace or sales quotas.

Tr. 17.

---

[2] In his decision, the ALJ cited 20 C.F.R. § 404.1567(b) but the definition for sedentary work is found at 20 C.F.R. § 404.1567(a).

At step four, considering the RFC finding, the ALJ found that plaintiff would be able to perform her past relevant work, identifying two past occupations. Tr. 21. In the alternative, the ALJ found that other jobs exist in significant numbers in the national economy that plaintiff could perform. Tr. 22-23. The ALJ concluded that plaintiff was not disabled.

## DISCUSSION

Plaintiff argues the ALJ erred in his treatment of Dr. Aubrey A. Swartz's opinion.

### I.    Dr. Swartz

Plaintiff contends the ALJ erred by rejecting the opinion of Dr. Swartz. However, the Commissioner notes that the ALJ accepted Dr. Swartz's opinion and accounted for it in the RFC. The RFC need not be identical to the medical opinion, just consistent with it. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-75 (9th Cir. 2008) (moderate mental functional difficulties are incorporated properly if the ALJ credits the narrative opinion and includes the concrete limitations opined into the RFC); Rambow v. Berryhill, 2017 WL 8948594, at *12 (D. Or. Aug. 31, 2017), report and recommendation adopted in part, 2017 WL 4269965 (D. Or. Sept. 26, 2017) (ALJ did not err in failing to provide a legally sufficient reason for rejecting medical opinion when assessing RFC because the opinion is somewhat consistent with the record). If evidence exists to support more than one rational interpretation, the Court must defer to the Commissioner's decision. See Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir.1999).

On April 12, 2016, Dr. Swartz evaluated plaintiff and determined she had bilateral carpal tunnel syndrome and a positive Finklestein test in her left wrist, with tenderness over the radial styloid. Tr. 530. Dr. Swartz opined plaintiff would be capable of

> operating a computer to a reasonable extent, and can do so for 45 minutes out of each hour, which should not be a substantial problem for her. During the last 15 minutes of each hour, she can perform other tasks. However, she should give her wrists and hands a reasonable rest from these repetitive work activities.

Tr. 351-32.

Plaintiff argues the ALJ excluded critical aspects of Dr. Swartz's opinion and failed to provide legally sufficient reasons for rejecting this opinion. However, the ALJ interpreted the opinion as consistent with the RFC finding:

> While there was some discussion regarding the claimant's ability to use her hands/arms, and the interpretation of Dr. Swartz's assessment, and whether this equated to the claimant not being able to use her hands/arms at all for two hours a day. A review of this exhibit (Exhibit 13F, page 10) shows that Dr. Swartz also specifically stated that, "During the last 15 minutes of each hour, she can perform other tasks." Thus allowing the claimant to avoid repetitive arm/hand activities. Tr. 22. [3]

The issue is not whether the ALJ properly rejected Dr. Swartz's opinion, rather, the issue is whether the ALJ rationally interpreted the opinion in formulating the RFC. Substantial evidence in the record indicates the ALJ appropriately interpreted Dr. Swartz's opinion.

## II.   Vocational Expert Evidence

Plaintiff contends the ALJ did not properly weigh the Vocation Expert's ("VE") testimony stating that a claimant who had to rest their hands for 15 minutes out of each hour, would not be

---

[3] In addressing the issue with Vocational Expert, the ALJ stated and the VE responded:
Q. … So if this Claimant was limited to operating a computer 45 minutes out of each hour, would that equate to frequent fingering, I guess? Does my question make sense?
A Frequent fingering means an individual is fingering, or using a keyboard, or using their fingers for two-thirds of the day.  It doesn't tell us how many minutes out of every hour.
Q Well, two-thirds of an hour is 40 minutes. And what I'm trying to equate -- and this is from Exhibit 3F, page 10, the doctor doing an examination, says, something -- she's capable of performing this type work. And I'm not sure which job. But not up to 12 hours per day. Okay. And she should avoid the use of a 10-key machine, but she is capable of operating a computer to a reasonable extent, and can do so for 45 minutes out of each hour, which should not be a substantial problem for her. So I'm trying to translate 45 minutes an hour to a vocational –
A Yes.
ALJ: -- limitation, which, to me, would equate to frequent. That's the closest I can come.
….
Q With that, can Ms. Welter give us an opinion on that?
A Yes, Your Honor. I don't believe in the -- the only job that where an individual, that I've cited, that an individual would be typing every minute of the hour, would be typist. So in other words, the call-out operator isn't typing continuously, 60 minutes
out of 60 minutes. Nor is the circulation clerk. Nor is an order clerk. So I believe that the restriction you gave me would not eliminate the jobs that I mentioned, per my experience.
Tr. 48-49

competitively employable. Tr. 50-51. Plaintiff further contends that upon receipt of Dr. Swartz's opinion, the VE testified that a person with such limitations could not work in any of the identified occupations. Id.

The VE testified: "I do not believe that there are occupations that are full-time, that have occasional handling and fingering in the sedentary exertional level. When you're sedentary, you pretty much have your upper extremities to offer an employer." Tr. 47. However, as noted, in footnote 3 above, the VE testified plaintiff could perform her past work and other jobs based upon the ALJ's interpretation of Dr. Swartz's opinion. The ALJ rationally interpreted that opinion. Accordingly, the ALJ did not err in his treatment of Dr. Swartz's opinion. See Andrew v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir.1995). (Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.)

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed, and this action is dismissed.

DATED this 7th day of October, 2021.

                                              /s/ Jolie A. Russo
                                              JOLIE A. RUSSO
                                      United States Magistrate Judge